Ms. Brian, please proceed. Thank you, Your Honor. May it please the Court, my name is Karen Venice-Brian, and I'm here today representing Mrs. Sophia Baker White, the petitioner in this case. Mrs. Baker White respectfully asked this Court to grant the petition for review and to reverse the Board of Immigration Appeals decision for several reasons, three of which I will discuss briefly. First, the Board violated Mrs. Baker's right to due process when it failed to reverse the decision of the IJ, which rested on mere police reports. The Board found that her testimony was varying and did not remain consistent. Second, the underlying removal proceeding was so fundamentally in fear that Mrs. Baker White was prevented from reasonably presenting her case. Third, the Board applied an incorrect evidentiary standard when it denied Mrs. Baker White motion to reopen and motion to stay removal proceedings. Your Honor, this case is about whether an abused spouse was being arrested. Counsel, Judge Loken, as sort of a threshold, do you agree with the opposing counsel's assertion that our review is limited to the BIA's October 19th decision? No, Your Honor. I believe that the BIA's decision incorporated the previous decisions, which means that it's not limited, Your Honor. Well, now, wait a minute. Incorporation doesn't mean that you can get us to revisit something that wasn't appealed to us at the time. We can't go back and review every step in this long process because you're appealing the denial of a motion to reopen. I'm appealing the denial of a motion to reopen, Your Honor, the ones that I have filed in this case. But you filed more than one. Only the last denial is before us. Well, OK, but have you got any authority that we can go back beyond the denial of the motion to reopen at issue and revisit all prior rulings? Just the ruling before the last motion, Your Honor, because it was remanded by this court with specific instructions and those instructions were not followed. The motion to reopen was based on the assertion that there were all these prior errors in the process. Yes, Your Honor. So we can go back and review that? I don't think so. At least I'm doubtful about that. If you've got a case that makes it clear, that would be helpful. I don't have a case that makes it clear that you can go back and review all. It's not an easy question. That's why I wanted to start with it. But go on. Well, counsel, what specific decision was expressed as under appeal in your notice of appeal? What did you cite for us to review? My notice of appeal cited the prior BIA decision denying Mrs. Baker White motion to reopen and motion to stay removal. The petition also noted the decision. Was that the October 28th decision? October 28th. Yes, Your Honor. 2019? Yes, Your Honor. Please proceed. Thank you, Your Honor. Your Honor, this case is about whether an abused spouse who has been arrested and has pending criminal charges is entitled to cancellation of removal or is qualified for cancellation of removal under the Violence Against Women Act. Ms. Baker is a 26-year-old native of Switzerland and a citizen of the UK. She was admitted to the United States when she accompanied her parents. She then married Mr. Alan White, who emotionally abused her. To my first point, Your Honor, in finding Mrs. Baker White removable, the IJ placed this positive weight on the police report. The IJ ignored the substantial evidence in the record that supported Mrs. Baker's White testimony and relied on police reports in making its decision. In Shepard v. Holders, Your Honor, the U.S. Supreme Court stated that court may not look to police reports in deciding removability. This court held in United States v. Johnson that while police reports may be demonstrably reliable evidence of the fact that an arrest was made, they were significantly less reliable as to whether the allegations of criminal conduct they contain are true. And to quote the Second Circuit, Your Honor, in Padmore v. Holder, the Second Circuit found that while the BIA could admit arrest reports into the record, it could not deny relief for discretionary benefit in that case cancellation of removal upon the assumption that the facts contained in such documents were true. This court should follow the rule of the Second Circuit and find that the IJ's relief was improper. Which leads me to my second point, Your Honor, that it is clear from the record that substantial evidence supports a finding that the IJ displayed a predisposition to deny Mrs. Baker's White application. This United States Supreme Court has held that no person may be deprived of her interest in the absence of a proceeding in which she may present her case with assurance that the arbitrator is not predisposed to find against her. The procedure that the IJ and the board employed in this case violated... Counsel, you're arguing the denial of the continuance and the allegation that the IJ was biased in the initial removal order, right? Yes, Your Honor. You want to collaterally attack the initial order years after it was rendered? Your Honor, it's the BIA's decision upholding the IJ's removal order that I'm attacking, Your Honor. In that order, the BIA's order, it's cited to the IJ's decision and the reasons why they were affirming the IJ's decision, Your Honor. So, I'm attacking the BIA's decision, Your Honor, but it quoted from the IJ's decision. The procedure that the IJ and the board employed in the case violated Mrs. Baker White's due process right to be heard. The Ninth Circuit in Lopez-Gonzalez noted that the IJ's disbelief of certain issues affected its neutrality towards others and infected the hearing with unfairness. Similar to Lopez, it is clear from the record that the BIA and the IJ's disbelief of Mrs. Baker White's testimony infected the hearing with unfairness. By basing its decision on non-provocative, uncooperative evidence, the IJ acted contrary to fundamental fairness and the BIA approved that decision, Your Honor. Finally, the IJ's violation of due process and the BIA's affirmance worked to nullify Mrs. Baker's discretionary relief. In particularly, the IJ based its finding that Mrs. Baker White lacked the moral character on mere police report and the board found her ineligible for a vow of special rule cancellation. However, the Third Circuit held that an agency cannot be permitted by arbitrarily denying a procedural motion to thwart the congressional design. That a given form of relief is discretionary is beside the point, Your Honor. Congress has required that individuals facing removal should be given a reasonable opportunity to be heard on the matter, including on issues relating to discretionary relief. Even where there are no liberty interests, a statutory and regulatory protection guarantee fairness in the proceeding. For these reasons, Mrs. Baker White respectfully asked this court to grant the petition for review and reverse the Board of Immigration Appeals decision because the board violated Mrs. Baker's right to due process when it failed to reverse the decision of the IJ. It was requested on mere police reports. The underlying removal proceeding was so fundamentally in fear that Mrs. Baker White was prevented from reasonable presenting her case and the board applied an incorrect evidentiary standard when it denied Mrs. Baker White motion to reopen and motion to stay. Your Honor, I rely on the rest of the arguments in my brief. We are asking the court to grant the petition for review and reverse the BIA. Thank you. Thank you, Ms. Bryant. Mr. Tucker, would you address the question of what it is we're actually reviewing? What portion of the prior decisions are actually before this panel? Certainly, Your Honor. May it please the court, Colin Tucker for the Attorney General. I do want to return the focus to the narrow question that is before the court in the context of this petition, which is whether the board used its discretion by denying the motion to reopen. It's dated October 28th, 2015. It did not. Most of the evidence that was submitted with the motion does not qualify as previously unavailable. And the remaining evidence would not. And the board was within its discretion to hold that the remaining evidence would not have changed the outcome. The decisions that precede the board's denial of reopening are not properly before the court. In Bodeglin v. Ashcroft, the court explained that the subsequent denial of a motion to reopen does not somehow reset the- Counsel, I'm not so sure. Does the board have discretion to grant a motion to reopen, despite the absence of new evidence, based on its conclusion that the initial decision, was wrong? In theory, Your Honor, it could. The board, in the regulations, has sua sponte reopening authority, which means- So if that- Okay, then why can't we review whether the board abused its discretion in not reaching that conclusion here? Because the grounds for allowing or denying sua sponte reopening are not subject- We're not talking sua sponte. We're talking a motion to reopen that was timely because of the special cancellation rule. Well, Your Honor, in that case, if the board is not invoking its sua sponte reopening authority, it does not have the authority to reopen a case in which no new previously unavailable material evidence has been- And what's your cite for that? My cite for that would be, chiefly, Your Honor, the statute itself, which states that a motion to reopen has to be accompanied- I'm sorry, your audio is unclear. Speak a little more slowly. Sorry, Your Honor. My cite would be the statute itself, which requires a statutory motion to reopen to be accompanied by new previously unavailable evidence. So, returning to the prior point, in Bidewin v. Ashcroft, the court explained that the subsequent denial of a motion to reopen does not somehow reset the deadline for seeking review of a prior order of removal. That's the rule that's followed by every circuit. In her reply brief, the petitioner cited Mayor Garoza, but that case addresses consideration of the immigration judge's decision where the board subsequently dismisses an appeal from that decision and a timely petition for review of the board's decision is filed. Here, there was no timely petition for review from the board's dismissal of the appeal from the immigration judge's decision. And I also want to point out that to follow the path the petitioner is suggesting here would essentially allow the statutory 30-day deadline for filing a petition to review to be circumvented in any case where a subsequent motion to reopen is filed and denied. Well, no, but I think Judge Smith and myself are concerned with jurisdiction, our appellate jurisdiction. If the board has discretion to do something, if the board has no discretion to do what we're talking about, that is, in the absence of newly discovered evidence, reopen because it has reconsidered its initial appellate dismissal, then we've got jurisdiction to review that conclusion, right? A sui spani motion to reopen, at least in this circuit, we have no jurisdiction to consider that, and it hasn't been argued. Correct. So forget that. Although I understand the BIA denied both, but we begin with our jurisdiction is limited to statutory reopening. Correct, Your Honor. And so what's your appellate case authority for the notion of, for the interpretation of the statute that you just put forth? The board has no discretion to grant statutory reopening in the absence of? Well, there's new evidence, there's another, or what, changed circumstances? It's more than just- I don't know that I can run you off from memory a case specifically on that point. I've not previously been presented with the theory that a motion to reopen, which are filed for the specific purpose of submitting new evidence, can be granted even in the absence of new evidence.  There's been no suggestion this morning and not much in petitioner's brief that the new evidence, or it's BIA's decision that the new evidence wasn't sufficiently new. What counsel wants to argue this morning is that the IJ was biased and just totally made a mess of the initial decision. I agree with that interpretation, Your Honor. So now whether we have jurisdiction to even take that up turns on this, what I'm talking about. You say the statute wouldn't allow the board to reopen on the merits, so to speak. Your Honor, the- And I'm a little dubious about that. Your Honor, the statute allows the board to reopen in the presence of new and previously unavailable evidence. It's a requirement for a motion to reopen. So the court here has jurisdiction to address whether the board- But it's also been held that Irene creating the statutory motion to reopen, I think the Supreme Court, it didn't tinker with the grant of the AG's preexisting grant of discretion. That's correct, Your Honor. To reopen, okay. So now has the BIA or upheld by the circuit courts always said, we may not reopen unless there's new evidence that's material? Your Honor, yes. The board has always required new material, previously unavailable evidence to reopen. The case for that, I suppose- Can you give me a cite for that and then I'm- Yes, I can, Your Honor. The citation is Shen. It's cited in the respondent's brief at-  That would be at first at page 2 and then throughout. The citation is 751 F3D 876. With regard to the motion to reopen, Your Honor, because the board did not abuse discretion by holding that the evidence of the dismissed charges was unlikely to change the outcome because dependency of the charges is not what led the immigration judge to find a lack of good moral character. The immigration judge was swayed by the adverse credibility determination coupled with what she described as the petitioner's undesirable and troubling behavior in the preceding year. Nothing about the dismissals, which were all on procedural grounds, one because a term of probation was completed as part of a deferred adjudication, another because a witness for the state did not appear, and the third because the petitioner herself could not be produced because she was in immigration custody. None of these dismissals undermined the suggestion held by the immigration judge that the petitioner had engaged in a pattern of undesirable and troubling conduct. For that reason, they would not have changed the outcome. I know that I have some time remaining, but unless there are further questions, I'm prepared to rest on the brief. I don't see any more. Thank you. Ms. Bryant, do you have time for rebuttal? Briefly, Your Honor. Thank you. Your Honor, Mr. Tucker argues that there were not new evidence presented. There were new available evidence, and the state of Minnesota charged Ms. White with constructive possession of marijuana on September 20, 2017, and Corey Gill provided sworn statement claiming ownership of the backpack containing the controlled substance. The charge was resolved on September 14, 2018, on a state of adjudication with dismissal. On October 2017, she was charged with shoplifting. Corey Gill was implicated in the crime, and the charge was dismissed on February 5, 2018. She was arrested on November 14 and two counts of arson, and Alyssa Ritchie, the girlfriend of the alleged victim, pled guilty on January 29, 2018. On April 29, 2018, the court dismissed the charges against Mrs. White because the boyfriend did not show up to court, which is the alleged victim. On November 20, 2017, she was arrested and charged with unauthorized use of a motor vehicle, and Alyssa Ritchie again pled guilty to the theft of the motor vehicle. On October 15, 2018, the court dismissed the charge against Ms. White for the theft of the motor vehicle. She provided new evidence, Your Honor, and I would also like the court to take judicial notice of the fact that USCIS has approved Mrs. Baker White I-360 and allow us to gain a copy from her counsel and submit it to the court, Your Honor. The standard for good moral character, there's no difference from USCIS standard for good moral character and the board and the IG standard for good moral character does not change throughout. Congress did not create one good moral character and then another for the BIA. And if I-360 has been approved based on the same VAWA rule, it's the same rule that applies to the VAWA cancellation, Your Honor. So I would like the court to take judicial notice of that as well. Thank you, Your Honor. Thank you, Ms. Bryan. Thank you also, Mr. Tucker. The court appreciates the argument you provided to us this morning. We will, in conjunction with the briefing, take the case under advisement. Counsel may be excused. Thank you.